Mr. Stewart Bell Executive Director Board of Hearing Instrument Dispensers 305 North Monroe Little Rock, AR 72205
Dear Mr. Bell:
I am writing in response to your request for an opinion on behalf of the Arkansas Board of Hearing Instrument Dispensers (hereinafter the "Board") pertaining to the requirements for licensure as hearing instrument dispensers. Your specific question involves A.C.A. § 17-84-304(d)(3)(B) (Repl. 2002), which requires that an applicant for licensure must demonstrate that he or she:
 Has an education equivalent to two (2) years of accredited college-level course work from a regionally-accredited college or university[.]
You have asked specifically with regard to this provision "whether `education equivalent' implies that equivalent experience is an acceptable substitute for the education requirement?"[1]
RESPONSE
It is my opinion that the answer to this question is in all likelihood "no." While the Board undoubtedly has considerable discretion to determine what will satisfy this education requirement, the plain language in my opinion does not suggest that experience alone will suffice. Rather, the education clearly must be "equivalent" to "accredited college-level course work" from an accredited higher education institution. At the very least, I believe this implies a process of study or instruction, as opposed to work or other practical experience.[2]
This conclusion follows primarily from the plain language of the subsection in question. See generally Wooten v. State, 325 Ark. 510,931 S.W.2d 408 (1996) (stating the basic rule of statutory construction that legislative intent is gathered from the plain meaning of the language used). The term "equivalent" means "equal in force, amount, or value[,] . . . like in signification or import; corresponding or virtually identical esp. in effect or function. . . ." Webster's Seventh NewCollegiate Dictionary(3rd ed. 1972) at 281. To satisfy §17-84-304(d)(3)(B), therefore, an applicant must have an education that is equal in significance or effect to, or the functional equivalent of, the specified higher education course work. This leads me to conclude that work or practical experience will not suffice. I certainly recognize that as a general proposition, one might obtain an "education," in its broadest sense, through experience. In my opinion, however, the particular language in question does not lend itself to this broad interpretation.
I am reinforced in this conclusion by a reading of § 17-84-304(d)(3)(B) in light of the remainder of the statute. This is also in accord with established rules of statutory construction. See generally Flowers v.Norman Oaks Const. Co., 341 Ark. 474, 17 S.W.3d 472 (2000) (particular provision in a statute must be construed with reference to the statute as a whole). In this regard, I find it significant that § 17-84-304 contains a separate practical requirement of an "employment internship" as follows:
 Prior to applying for a license, each applicant other than those meeting the requirements of subdivisions (e)(2), (e)(3), (e)(4), or (e)(5)[3] of this section must complete a one-year employment internship during which he or she is under the direct personal and physical supervision of a sponsor who has continuously held in good standing for a period of not less than three (3) years either a valid Arkansas hearing instrument dispenser's license or a valid Arkansas audiology license.
A.C.A. § 17-84-304(a)(1) (Repl. 2002) (emphasis added).
The fact that the legislature has, as a separate matter, required practical experience in dispensing hearing instruments or in the field of audiology, lends further support to the conclusion that it did not have experience in mind when it imposed the "education" requirement under §17-84-304(d)(3)(B).
It should perhaps be noted, finally, that the legislature has, in at least one other licensing/certification context, specifically imposed a "work experience" requirement, apart from a more traditional education requirement. Under the Arkansas Home Inspectors Registration Act, persons applying for registration as home inspectors may submit evidence of, interalia, "[a] high school diploma or its equivalent, [and] work experience doing home inspections for at least one (1) year. . . ." A.C.A. § 17-52-103(a)(3)(B) (Repl. 2001). As reflected by this provision, the legislature is clearly aware of the distinction between experience and what is traditionally thought of as an "education." Had it intended for experience to satisfy the education requirement under §17-84-304(d)(3)(B), it could easily have so stated.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Although you have not referred explicitly to work experience, I presume that is the focus of your question, i.e., the issue is whether the education requirement can be met through work or other practical experience.
[2] I should note that my immediate predecessor deferred to the discretion of the Board in response to a similar question regarding the Board's authority under § 17-84-304 (d) (3) (B) to approve work experience in the industry. See Op. Att'y Gen. 99-174 (stating that "the matter of educational equivalencies is within the discretion of the Board to determine.") While I agree with this general statement regarding the Board's discretion, I must disagree with the opinion to the extent it can be interpreted as affirming the Board's authority to approve work experience as meeting the "education" requirement.
[3] The internship is not necessary if the applicant holds a National Board of Certified Hearing Instrument Sciences Certification, or is registered as a hearing instrument dispenser in good standing in another state whose licensing requirements meet or exceed the licensing requirements of the state of Arkansas, or is a graduate of an American Conference of Audioprosthology program, or holds an Associate of Applied Science degree in Hearing Healthcare Practitioner or a similar degree from a regionally accredited college or university. Id. at subsections (e) (2) through (5).